FERDINAND TITUS, respondent,

*v.*

JOHN McGLOSKEY and HATTIE McGLOSKEY, appellants.

[Argued July 6th, 1904. Decided December 9th, 1904.]

> The mother of a child died when she was three months old. The child, who was sickly, was committed by her father to the custody of her mother's parents, with whom she has remained until now, her father contributing nothing to her support. Having married again, he asks that his child, now nine years old, be restored to him. It appearing that he is a man of good habits; that he has steady employment; that the lives and means of support of the grandparents are precarious and that their income is inadequate to the proper care and nourishment of the child—*Held*, that it was for her welfare that she should be restored to him.

On appeal from an order advised by Vice Chancellor Stevens, who filed the following memorandum:

In this case, I think that Ruth Titus should be delivered into the custody of her father. She is now nine years old and sickly. Her mother died about three months after she was born, and her father committed her to the custody of her mother's parents, with whom she has remained ever since. He seems to have manifested but little interest in his only child's welfare until within the past three years, and although the grandparents were poor, he contributed nothing to her support. He remarried in 1899, and in the next year, or the year following, he asked for his child. The grandparents, who live in Phillipsburg, refused to surrender her. He and his wife now desire to take her to their home in Morristown.

John McGloskey, the grandfather, is sixty-nine years of age and very infirm. He is a carpenter by trade, but has been unable to work for the last eight years. He served in the civil war and receives a pension of $24 per month. He owns the house in

which he lives. It is worth about $2,000, and is mortgaged for $600. He rents a part of it for $5 a month. These sums, with the money which his wife, who is sixty years old, earns at times, by washing, &c., is all that the family has to live upon. The grandparents are very fond of the child, and the evidence demonstrates that they have done what they could for her with their narrow means.

Ferdinand Titus, the father of Ruth, is thirty-two years old. He is a bartender; a man of good habits and reputation. He has steady employment; receives $16 per week, and has a comfortable home. He says that he has money in the savings bank, which he is willing to devote to his daughter's good. The child is afflicted with scrofula, and her eyesight and hearing are both impaired. It is said that proper nourishment and care will greatly benefit, if not cure, her.

Considering how precarious are the lives and means of support of the grandparents, I cannot doubt but that the welfare of the child will be promoted by giving her to her father. He is her natural guardian, and it is his duty as well as his wish to take care of her. The case is quite different from *Richards* v. *Collins, 45 N. J. Eq. (18 Stew.) 283.*

*Mr. Bartlett C. Frost,* for the appellants.

*Mr. John H. Condon,* for the respondent.

PER CURIAM.

The order appealed from in the above cause is affirmed, for the reasons given in the court of chancery.

*For affirmance*—DIXON, GARRISON, PITNEY, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY—10.

*For reversal*—None.